IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OWAIIAN M. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:15-cv-00558 |
| | ) | |
| v. | ) | |
| | ) | |
| JULIA DUDLEY, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Owaiian M. Jones, a Virginia inmate proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983 without paying the full filing fee. Under certain circumstances, a prisoner may bring a civil action without fully prepaying the filing fee. 28 U.S.C. § 1915(a)(2) and (b). However, 28 U.S.C. § 1915 (g) provides: "In no event shall a prisoner bring a civil action proceeding [without prepayment of the filing fee] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] To fall within the "imminent danger" exception, the prisoner's injury "must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)). Allegations of "only a past injury that has not recurred" are insufficient. *Id.*

---

[1] Section 1915(g), often referred to as the "three strikes" provision, is part of the Prison Litigation Reform Act of 1996, Pub. L. No. 104–134, 110 Stat. 1321–71 (1996). *McLean v. United States*, 566 F.3d 391, 393 (4th Cir. 2009).

Upon a review of court records, it appears that plaintiff had at least three non-habeas civil actions or appeals dismissed as frivolous before he commenced this action. *See, e.g.*, *Jones v. U.S. Dist. Ct. for the W. Dist. of Va.*, No. 7:14-cv-00499, slip op. at 2 (W.D. Va. Sept. 30, 2014); *Jones v. United States*, No. 7:14-cv-00410, slip op. at 2-3 (W.D. Va. Aug. 6, 2014), *appeal dismissed as frivolous*, No. 14-7188, slip op. at 2 (4th Cir. Dec. 16, 2014). Cases that are dismissed without prejudice for frivolousness also fall within the parameters of 28 U.S.C. § 1915(g). *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009).

Because of these dismissals, plaintiff falls within 28 U.S.C. § 1915(g). It further appears that the exception for imminent danger of serious physical injury does not apply here when plaintiff sues the Clerk of Court and John Does and only broadly concludes that "health, safety and welfare is in danger." The court thus dismisses this action without prejudice for plaintiff's failure to pay the filing fee when filing the complaint. *See, e.g.*, *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed *in forma pauperis*).

Entered: October 21, 2015.

*Elizabeth K. Dillon*
United States District Judge

2

Case 7:15-cv-00558-EKD-RSB   Document 2   Filed 10/21/15   Page 2 of 2   Pageid#: 4